UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN ZAMORA TORRES,<br><br>Defendant. | No. 2:21-cr-00110-DAD<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE HIS SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 194, 195) |

On June 6, 2024, defendant Juan Zamora Torres filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Doc. No. 194.) Defendant seeks a reduction in his sentence as a zero-point offender pursuant to U.S.S.G. § 4C1.1. (*Id.* at 1.) On June 7, 2024, defendant filed what appears to be a nearly identical motion. (Doc. No. 195.) On June 10, 2024, the motions were referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation. (Doc. No. 196.) On June 25, 2024, the FDO filed a notice with the court indicating that it would not be assuming defendant's representation in connection with the pending motions. (Doc. No. 200.) On August 5, 2024, the government filed an opposition to defendant's motions. (Doc. No. 203.) Defendant Zamora Torres did not file a reply.

Because defendant Zamora Torres is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motions to correct and reduce his sentence.

1

# BACKGROUND

On March 29, 2022, pursuant to a plea agreement, defendant Zamora Torres entered a plea of guilty to conspiracy to distribute and to possess with the intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) as charged in Count 1 of the indictment. (Doc. Nos. 97, 99, 124 at 1.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 35 and his criminal history category as III (based on a finding of a criminal history score of 4), resulting in an advisory sentencing guidelines range calling for a term of imprisonment of between 210 and 262 months. (Doc. Nos. 124 at 7–10, 13; 124-1 at 1.)

At the sentencing hearing on June 28, 2022, the sentencing judge adopted the findings of the PSR as to offense level, criminal history category and advisory guideline range. (Doc. No. 126.) The court, however, both departed downward pursuant to U.S.S.G. § 4A1.3 based upon a finding of an overstated criminal history and also varied downward from the advisory guideline range after considering the factors set forth in 18 U.S.C. § 3553(a), imposing the mandatory minimum sentence of 120 months imprisonment followed by a 60 month term of supervised release (to become unsupervised if deported). (Doc. Nos. 126, 131.) The court entered judgment on July 8, 2022. (Doc. No. 131.)

In his pending motions, defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S.S.G. (Doc. Nos. 195, 196.) Specifically, defendant appears to contend that he is eligible for a sentence reduction based on Part B of Amendment 821 and U.S.S.G. § 4C1.1(a). (*Id*. at 1.)[1] That new provision reduced the advisory

/////

---

[1] Elsewhere in his pending motions, defendant is less clear as to the bases upon which he moves for release, such as where he states that he is unsure whether he was assessed any criminal history points or was awarded the benefit of the status points or zero-point offender amended guidelines. (*See* Doc. Nos. 195 at 3–4; 196 at 3–4.) The court notes that in his pending motions defendant focuses primarily upon his efforts and accomplishments with respect to programming since he began serving his sentence. (*Id*. at 4.) While laudable, such efforts play no role in the determination of whether defendant qualifies for the reduction of sentence that he requests.

sentencing guideline range for those who had no criminal history points—so-called zero-point offenders.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United State*s, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

Defendant contends that at the time of his sentencing he had no prior criminal history, is a zero-point offender and is entitled to a reduction in his sentence. (Doc. Nos. 195 at 1; 196 at 1.)

As the government points out in its opposition, however, defendant was assessed two no criminal history points based upon his two prior misdemeanor convictions. (Doc. No. 124 at 9.) Thus, defendant does not meet the requirements for the zero-point offender adjustment. *See* U.S.S.G. 4C1.1 (a)(1); *see also United States v. Manzanarez-Hernandez*, No. 3:22-cr-00078-TAV-JEM-4, 2024 WL 4584579, at *3 (E.D. Tenn. Oct. 25, 2024) ("[S]ince defendant 'receive[d] [a] criminal history point[ ],' he does not satisfy the § 4C1.1(a)(1) requirement."); *United States v. Ceasar*, No. 19-402-03, 2024 WL 3729857, at *2 (E.D. Pa. Aug. 8 2024) ("Even one criminal history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1.").

Moreover, although defendant does not seek a sentence reduction pursuant to Part A of Amendment 821, it is also clear that he is ineligible for relief under that provision. New U.S.S.G § 4A1.1(e) reduced the number of criminal history points assigned to defendants who received "status points" under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice sentence and allowed for a reduction of their sentence if otherwise eligible for that relief. Here, defendant did receive two status points because he had committed his offense of conviction while on probation for an earlier offense. (Doc. No. 124 at 9.) Under U.S.S.G § 4A1.1(e) he would not receive those two status points and his resulting two criminal history points would place him in category II. The result would be an advisory sentencing guideline range calling for a term of imprisonment of between 188 and 235 months. However, based upon both a departure and a variance, defendant received a 120 month term of imprisonment, far below the low end of the new guideline range. As one district court recently explained under somewhat similar circumstances:

> [A] court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" that would have been applicable if a new guideline were effective at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(A). Assuming Defendant could receive a zero-point offender adjustment, the amended guideline range for imprisonment based on a total offense level of 27 and criminal history category of I would be 70–87 months. That range exceeds the 60-month sentence the Court imposed, so a further reduction is prohibited.

*United States v. Berkett*, No. 2:21-cr-00292-MCS-1, 2024 WL 1516317, at *2 (C.D. Cal. Apr. 8,

2024); *see also United States v. Pacheco*, No. 17-cr-00324-BLF-3, 2024 WL 2304574, at *2 (N.D. Cal. May 20, 2024) ("Defendant already received a sentence of 140 months, which is below the low end of the amended guideline range. In this circumstance, no relief is permissible[.]") (citing § 1B1.10 and *Dillon*, 560 U.S. at 827).

Because defendant Zamora Torres is ineligible for a modification of his sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 826–27. The pending motions for a sentence reduction will therefore be denied.

## CONCLUSION

For the reasons explained above, the court denies defendant Zamora Torres's motions for reduction of his sentence pursuant to § 3582(c)(2). (Doc. Nos. 195, 196.) The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated: **November 13, 2024**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE